FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANCISCO RUIZ-NIETO, | No. 1:24-CV-3110-MKD |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | |
| YAKIMA COUNTY, | |
| Defendant. | |

Before the Court is Plaintiff Francisco Ruiz-Nieto's First Amended Complaint. ECF No. 9. Plaintiff, a prisoner currently housed at the Yakima County Jail, is proceeding *pro se* and *in forma pauperis*. Defendants have not been served.

An amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). Further, defendants not named in an

ORDER DISMISSING ACTION - 1

amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants Yakima County Department of Corrections, Yakima County Superior Court and Yakima Police Department have been terminated from this action and Yakima County was added.

Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, however, the Court finds that he has failed to state a claim upon which relief may be granted against Yakima County. For for the reasons set forth below, the Court dismisses the First Amended Complaint.

## PLAITNIFF'S ALLEGATIONS

Plaintiff asserts that his "freedom was deprived by an unconstitutional imprisonment by the Yakima County." ECF No. 9 at 4. Plaintiff states that on January 10, 2020, he was "wrongfully charged" with second degree assault by strangulation. He states that the case was dismissed in 2023. He asserts that due to the nature of the charge(s), he was unable to return to his home and remained homeless for three years. *Id.* at 4–5. He further complains that he has been unable to see his two children since his arrest on January 10, 2020. *Id.* at 5.

Plaintiff reiterates that the charges were dismissed, and he states that he has "formally been exonerated of the criminal charges brought against me." *Id.* Yet he provides no information indicating why the charges were dismissed, who exonerated him, or on what basis he is currently incarcerated.

ORDER DISMISSING ACTION - 2

Plaintiff asserts his claims are not untimely because "the claims that I assert in this action occurred before and after July 24, 2021. Equitable tolling applies." *Id*. He claims that he "lost [his] family as a result of this . . . experienced great pain and suffering . . . homelessness and this all took a great toll on [his] mental and physical health." *Id*. Plaintiff seeks monetary damages in the amount of $1,500,000 and asks the Court "to order Yakima County to stop unconstitutional imprisonments of my person." *Id.* at 9.

## DISMISSAL

Plaintiff has presented no facts from which the Court could plausibly infer that the only named Defendant to this action is liable to him. A municipality or other local governmental entity cannot be held liable under Section 1983 for its employees' acts unless the plaintiff can prove the existence of unconstitutional policies, regulations, or ordinances, promulgated by officials with final policymaking authority. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983." *Monell*, 436 U.S. at 694. While a single decision may satisfy the "policy" requirement, that decision must have been properly made by one of the

ORDER DISMISSING ACTION - 3

municipality's authorized decision makers—an official who "possesses final authority to establish municipal policy with respect to the [challenged] action." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-81 (1986).

Here, Plaintiff has presented no facts from which the Court could infer that any policy or practice of Yakima County has resulted in the deprivation of his constitutionally protected rights. He makes no factual allegations supporting an inference that he was either arrested without probable cause on January 10, 2020, or detained without probable cause. Charges are dismissed for myriad reasons. The fact Plaintiff asserts his charges were "dropped" three years after his arrest does not, alone, negate the lawfulness of the arrest.

Plaintiff alleges no facts from which the Court could plausibly infer the absence of probable cause to arrest him in January 2020. *See Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988); *Crowe v. County of San Diego*, 608 F.3d 406, 432 (9th Cir. 2010). In the absence of a constitutional violation and a policy that resulted in such a violation, Plaintiff has failed to state a claim for relief against the County.

The Court granted Plaintiff the opportunity to amend to state a claim upon which relief may be granted and provided him with relevant legal authority regarding municipal liability. *See* ECF No. 6 at 5-6, 13-16. Plaintiff's First Amended Complaint does not comply with these directives. The Court further

ORDER DISMISSING ACTION - 4

finds that amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Accordingly, **IT IS HEREBY ORDERED:**

1. The First Amended Complaint, ECF No. 9, is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

2. Because Plaintiff sought relief that sounds partially in habeas and based on this Court's reading of *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016), this dismissal will not count as a "strike" pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment of dismissal, provide copies to Plaintiff, and **close the file.** The Court certifies that any appeal of this dismissal would not be taken in good faith.

DATED October 30, 2024.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE